### NANCY E. JOHNSON *v.* E. CRIPPEN ET AL.

CHANCERY.  *Bill not sworn to.   Answer verified by oath.   Evidence.*
   Where a complainant, by a bill not sworn to, calls for and procures an answer
   of the defendant verified by oath, such answer cannot be overthrown by any
   evidence less than the testimony of one credible witness and corroborating
   facts.

APPEAL from the Chancery Court of Holmes County.
HON. R. W. WILLIAMSON, Chancellor.

The bill in this case, filed by E. Crippen and others against Nancy
E. Johnson and others, alleged that in March, 1883, Mrs. Johnson,
upon the consideration of love and affection, executed a deed con-

veying to Crippen's wife, who was her daughter, and three other children of the grantor, as tenants in common, a certain tract of land, and delivered the same to her son, W. T. Johnson, one of the grantees therein, who retained it unrecorded until after Mrs. Crippen's death in October, 1883, when he returned it to his mother, and that since Mrs. Crippen's death Mrs. Johnson has disavowed the conveyance referred to, and on the 15th of November, 1883, sold and conveyed the same land to B. L. Jones and others. The prayer of the bill is that Mrs. Johnson be compelled to execute to the complainants, who claim through Mrs. Crippen, deceased, a deed to a one-fourth interest in the land alleged to have been embraced in the joint conveyance above mentioned, and that the deed from Mrs. Johnson to B. L. Jones and others be cancelled because a cloud upon complainants' title.

Mrs. Johnson answered the bill and denied that she had ever executed the deed through which the complainants claimed, and stated that though it was prepared and given to her son, who was named as a grantee therein, it was given to him as the custodian of her private papers and was held subject to her control ; and that when she determined not to dispose of her land as contemplated in that deed she called for it and destroyed it.

Both sides produced testimony, the effect of which is sufficiently stated in the opinion of the court.

The Chancellor rendered a decree granting the relief prayed for by the complainants, and the defendant, Mrs. Johnson, appealed.

*Hooker & Wilson,* for the appellant.

The only question at issue is the execution and delivery of the deed alleged in the bill to have been executed. If the deed was executed and delivered, then the title to the property passed to the grantees therein ; if not executed by actual or verbal delivery, then the bill must be dismissed, for equity cannot enforce the performance of an incomplete voluntary settlement.

The bill is *not sworn* to. The sworn answer of Mrs. Johnson responding to the bill shows that she never delivered, nor even intended to deliver, that deed, and is evidence in her behalf. Her statements in her answer that she never delivered the deed, nor ever

intended to do so, are reconcilable with the evidence in the case; and not only reconcilable with, but sustained by the circumstances and the best proof in the case.

We do not think the evidence in this case is as strong as in the following cases, where the court refused to establish the deeds: *Davis* v. *Lumpkin,* 57 Miss.; *Davis* v. *Williams,* 57. Miss.; *Hawkes* v. *Pike,* 105 Mass. 560; *Parker* v. *Parker,* 1 Gray 409; 134 Mass. 310; 44 N. H. 268; 98 Ill. 361; 101 Ill. 429.

*C. V. Gwin,* for the appellees.

The question of the *delivery* of a deed is one of fact in which *intention* is the substantive thing. No formulary of words or acts is prescribed as essential to the *delivery* of a deed. It may be done by words or acts or by both.

By the term, "*delivery of a deed,*" is not meant the transfer of the possession of the paper on which the instrument is written from the hands or custody of the grantor. This may and often does occur without a "*delivery*" in any proper legal sense having been made.

On the other hand, perfectly valid and effectual *delivery* of a deed may and often does occur without any transfer of the possession of the paper on which the instrument is written from the hands or custody of the grantor.

The circumstances which go to make out a delivery are to be treated as indications of intention, and the fact of delivery resolves itself into a question of intention. *Davis* v. *Williams,* 57 Miss. 845.

COOPER, J., delivered the opinion of the court.

But for the fact that an unsworn bill is responded to by a sworn answer, as demanded, the decree in this cause would be affirmed. No manual delivery of the deed is established. If there was a delivery at all, it was because the defendant intended what she did as a delivery. This she denies under oath, and by independent evidence gives an explanation consistent with her answer of the opposing facts established by the complainants. Where a complainant by an unsworn bill calls for and procures the sworn answer of

the defendant, such answer cannot be overturned by any evidence less than that of one credible witness and corroborating facts. While the evidence for the complainant seems to us to be stronger than that for the defendant, aside from her answer, the preponderance is decidedly in her favor when the answer is added and considered as the testimony of a credible witness cognizant of the facts sworn to.

*The decree is reversed and the bill dismissed.*